

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 28, 2022

By ECF
Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

> For substantially the reasons stated in this letter, the application is **GRANTED**.  The Government's *ex parte* submissions filed in this action prior to the entry of this Order shall remain under seal and not be made public.
>
> Dated: October 31, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *United States, et al. ex rel. Kurzman v. Microsoft Corp., et al.*
      19 Civ. 4270 (LGS)

Dear Judge Schofield:

      This Office represents the United States of America (the "Government") in the above-referenced *qui tam* action filed under seal pursuant to the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq*. (the "FCA"). We write on behalf of the Government pursuant to the Court's order dated September 6, 2022, unsealing the action and directing parties to refile certain documents on the public docket and to "make applications for any document that they intend to maintain under seal." Dkt. No. 11. The Government respectfully requests that the Court, as is the typical practice in this district in FCA cases,[1] maintain under seal the Government's *ex parte* submissions, which include status reports describing the Government's interim investigative steps, plans, techniques, and impressions in the case. As set forth in more detail below, these documents should remain under seal because: (1) the FCA does not call for public disclosure of the Government's *ex parte* submissions, and such disclosure could chill the Government's disclosures in future submissions in FCA cases; and (2) the information contained in these submissions is protected from public disclosure as attorney work product and/or pursuant to the doctrine of law enforcement privilege.

    **I.**    **The FCA Does Not Call for the Public Disclosure of the Government's *Ex Parte* Submissions**

      The FCA requires the Government to apply to the Court if the Government wishes to extend the period during which a *qui tam* action remains under seal so that the Government may continue its investigation to determine whether it will intervene and take over the prosecution of any part of the case. *See* 31 U.S.C. § 3730(b)(3). In these applications, the Government must show that "good cause" exists to extend the seal. *Id.* The FCA expressly contemplates that the Government may support these applications with *in camera* submissions (which are necessarily also made *ex parte*, since a defendant in an FCA action generally will not be made aware of the existence of the *qui tam* lawsuit until the conclusion of the Government's investigation and the

---

[1] Indeed, Chief Judge Swain recently ordered that the Government's *ex parte* status reports to the Court should remain sealed in another case. *See United States, et al. ex rel. Rios v. Medalliance Medical Health Services, Inc.*, No. 17 Civ. 6128 (LTS) (SN), Dkt. No. 29 (S.D.N.Y. June 30, 2021).

unsealing of the case by court order). *See id.* In these *ex parte* submissions, the Government typically includes status reports that provide descriptions of the Government's ongoing investigative efforts and interim impressions sufficient to allow the Court to evaluate whether the "good cause" standard has been met.

After the Government has made its intervention decision in an FCA case, the statute expressly provides that the relator's complaint shall be unsealed. *See id.* However, the statute does not similarly call for or specifically authorize the unsealing of the Government's previous *ex parte* submissions. *See United States ex rel. Monahan v. St. Barnabas Health Care System, Inc.*, No. 02-5702 (JAG), 2009 WL 10733720, at *3-4 (D.N.J. Feb. 9, 2009) (noting that "[w]hile the False Claims Act specifically provides for the eventual unsealing of the complaint, it does not authorize the unsealing of the United States' applications for extensions of the sixty-day seal period, which are required to be filed under seal," and holding that "given the investigatory and legally strategic nature of the pre-intervention filings as well as the unique statutory scheme of the False Claims Act," the Government's *ex parte* seal extensions and other submissions would remain sealed).

Accordingly, the general practice of courts in this district is to maintain the seal over these *ex parte* submissions, even after the case itself is unsealed. This practice facilitates the Government's candid disclosures in those submissions, which in turn help courts to make informed assessments of whether the Government has shown good cause to extend the seal and investigatory period in FCA cases. The unsealing of the Government's *ex parte* submissions in this case or in FCA matters more generally could have a chilling effect on the Government's practice of providing status reports to the Court detailing the investigate steps it has taken and plans to take if the seal is extended. The strong policy interests in: (1) the Government's ongoing transparency with courts regarding its FCA investigations, and (2) the goals and purposes of the FCA more generally weigh heavily in favor of maintaining the seal over the Government's *ex parte* submissions here.

## II. The Government's *Ex Parte* Submissions Are Protected from Public Disclosure as Attorney Work Product And /Or Pursuant to the Doctrine of Law Enforcement Privilege

The Government's *ex parte* submissions in this matter should remain under seal not only as a matter of FCA practice and policy, but also because they contain information that is protected from public disclosure as either attorney work product and/or pursuant to the Government's law enforcement privilege.

For the reasons discussed above, the information contained in the Government's *ex parte* submissions in FCA cases, both generally and in this matter, necessarily reveals the progress of the Government's investigation, including the Government's assessment of additional investigative steps needed and its plans to effectuate those steps. This information reflects Government counsel's thought processes and falls safely within the "mental impressions, conclusions, opinions, or legal theories of an attorney," Fed. R. Civ. P. 26(b)(3), that should be treated as attorney work product and which the Second Circuit has held are "to be protected unless a highly persuasive showing [of need] is made." *United States v. Adlman*, 134 F.3d 1194, 1204 (2d Cir. 1998). That the Government previously disclosed this information to the Court in a statutorily contemplated *ex parte* submission does not waive the privilege, as it is well-

established that courts may conduct an *in camera* review of privileged material. *See, e.g.*, *United States v. Parse*, 789 F.3d 83, 104 (2d Cir. 2015).

In addition, disclosure of the Government's investigative progress in this case would also reveal aspects of the investigative techniques and strategies utilized by the Government more broadly. The information contained in the Government's *ex parte* submissions is therefore also protected from disclosure pursuant to the law enforcement privilege, the purpose of which is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re The City of New York*, 607 F.3d 923, 941 (2d Cir. 2010) (quoting *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir.1988)). Here, the Government's *ex parte* submissions discuss the type of witnesses interviewed by the Government, the types of data collected and reviewed by the Government, the nature of consulting expert(s) relied upon by the Government to assess allegations, the nature of records analyzed by the Government, and the Government's methods for identifying and approaching potential witnesses. Disclosure of this type of information could interfere with the Government's future anti-fraud investigations and is therefore protected pursuant to the doctrine of law enforcement privilege.

In light of the foregoing, the Government respectfully requests that the Court maintain under seal the Government's prior *ex parte* submissions in this case.

We thank the Court for its consideration of this letter.

                                              Respectfully,

                                              DAMIAN WILLIAMS
                                              United States Attorney for the
                                              Southern District of New York

                                By:    */s/ Jennifer Jude*
                                              JENNIFER JUDE
                                              Assistant United States Attorney
                                              86 Chambers Street, 3rd Floor
                                              New York, NY  10007
                                              Telephone:  212-637-2663
                                              Email: jennifer.jude@usdoj.gov

cc: (by email):
    Carlos Doroteo, counsel for Relator
    Eric Sitarchuk, counsel for Defendants
    Jaclyn Whittaker, counsel for Defendants