Application **GRANTED.** The action is restored subject to further argument. By **April 8, 2025,** the parties shall meet and confer and file a joint letter proposing next steps and, absent an agreement, stating their respective positions.

Dated: March 31, 2025
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

*via ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE: *U.S. ex rel. Kurzman v. Microsoft, et al.*, 1:19cv4270-LGS (SDNY)

Your Honor,

The State of Delaware ("Delaware"), joined by the states of California, Illinois, Indiana, Massachusetts, Minnesota, Nevada, New Mexico,[1] North Carolina, and the District of Columbia (collectively, the "States"), are concerned about the proposed settlement between John Kurzman (the "Relator") and Microsoft Corp., *et al.* (collectively, the "Defendants") in the above-referenced case (the "Case") and the Court's subsequent dismissal of the Case. The States submit these concerns and objections for the Court's consideration prior to the March 30, 2025 deadline for the Court to restore the previously dismissed action to the Court's calendar.

On December 13, 2024, counsel for the Relator filed a letter in which the Relator informed the Court that "the parties have reached an agreement in principle to resolve Relator's claims in the matter." *See* Docket No. 83. The letter noted that a voluntary dismissal of the Relator's claims was required to be approved by the United States and that it had been informed that the United States was willing to approve the proposed agreement. *Id.* The Relator requested on behalf of the "parties" for the Court to hold in abeyance any decision on the pending motion to dismiss (Docket No. 59) (the "Motion to Dismiss") while the "parties" finalized their agreement.

On December 30, 2024, the Court granted the Relator's request in part (the "Endorsement"). *See* Docket No. 84. The Court dismissed the Motion to Dismiss as moot without prejudice to renew. *Id.* The Court also dismissed the Case without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action was made within thirty (30) days of the Court's Order. *Id.*

---

[1] New Mexico did not formally decline intervention but nevertheless joins in the concerns expressed herein.

However, it has now become known that the Relator neither served its December 13, 2024 letter on certain States,[2] nor obtained written consent to settle and/or dismiss, as required by certain State statutes. Moreover, many of the States had specifically requested notice in their declinations, such as Delaware, which was one of many states and localities included in the Plaintiff States' and Political Subdivisions' Notice of Election to Decline Intervention (the "Notice of Declination"), which was filed November 7, 2022. *See* Docket No. 21. The Notice of Declination provided that, pursuant to the state and local false claims acts, the declining named Plaintiff States and political subdivisions are entitled to receive notice of any proposed settlement or dismissal of the action, as well as service of all pleadings, orders, and notices of appeal filed in the Case. *Id.* The Notice of Declination also included the requirement that any dismissal required the written consent of the declining named Plaintiff States and political subdivisions. *Id.* Additionally, the Notice of Declination noted that the declining named Plaintiff States and political subdivisions remained the real party in interest even after declination, and reserved the right to intervene for good cause at a later date. *Id.*

In addition to failing to provide notice to certain States of any settlement, dismissal of the Case and related Endorsement, the Relator also failed to obtain the required written consent from those states in which consent is statutorily required in order to settle and/or dismiss a state false claims act action.[3]

---

[2] None of the States received the December 13, 2024 letter, were included in or aware of any settlement discussions, nor consented to any settlement or dismissal prior to Court's December 30, 2024 order.

[3] For example, written consent is required to settle and/or dismiss the Delaware False Claims and Reporting Act claims included in the Relator's First Amended Complaint (Docket No. 32), as required by Title 6 of Delaware Code Section 1203(b). Section 1203(b) provides as follows:

> (b) *Private actions*. – (1) A private civil action may be brought by any person or labor organization as defined by § 1107A(d) of Title 19 (hereinafter "private party" or "party") for a violation of this chapter on behalf of the party bringing suit and for the government. The action shall be brought in the name of the government. The action may be dismissed only if the court and the Department of Justice give written consent of the dismissal and their reasons for consenting.

6 *Del. C.* § 1203(b). As already noted herein, the requirement to obtain the written consent of Delaware is not mooted if Delaware declined intervention.

Despite these glaring failures of notice and adherence to certain state statutes, counsel for Relator's December 13, 2024 letter to the Court was misleading in that it stated that the "parties," which includes the States and political subdivisions, had reached an agreement and that these "parties" requested the Court to hold in abeyance any decision on the pending Motion to Dismiss.

The States were subsequently advised of the dismissal of the Case and the proposed settlement, as set forth on the docket, and discussions with the Relator's counsel commenced. As a result, on January 28, 2025, counsel for the Relator submitted another letter to the Court in which it explained that the implication in its earlier letter that the Relator and Defendants were the only "parties" to the Case was unintentional, as was the implication that the United States supported the Settlement. *Id.* Rather, the United States informed Relator's counsel that it intended to consent to the dismissal, but took no position on the settlement itself. *Id.* The Relator also conceded in the letter that since receipt of the Court's December 30, 2024 Endorsement, it was still in the process of notifying the named Plaintiff States and political subdivisions of the settlement, "pursuant to Relator's obligation under the statutes cited in the Notice of Election to Decline Intervention…." *Id.* The Relator's letter further acknowledged that it had reached a settlement with the Defendants, which would include the dismissal of all claims with prejudice as to the Relator, but without prejudice to the United States or any of the Plaintiff States and Political Subdivisions. *Id.* The Relator also requested a sixty (60) day extension of the deadline for a party to apply to restore the action to the calendar. *Id.*

The States do not consent to the settlement or support dismissal of this action absent a satisfactory explanation to the Court by Relator's counsel as to why this settlement is not an impermissible usurpation of the *qui tam* provisions of the federal and state false claims acts for solely private benefit. Absent Relator's ability to provide acceptable answers to questions the Court may have on that point, the States cannot consent to and object to the dismissal of the Case.

The States are deeply concerned that this conduct will be repeated by these parties in unrelated cases, or by other parties who become aware of this situation. The States believe that this settlement produces no benefit to their citizens and thus, is contrary to the language and purpose of their respective False Claims Acts. The States respectfully request that the Court query the signatory parties to the settlement agreement as to why a state or political subdivision should consent to the dismissal of its claims under this factual scenario in which the Relator has clearly failed to comply with the statutory requirements of certain state false claims act provisions and proposes a recovery to Relator that is far in excess of the amount allowed under the same false claims acts providing that a relator receives only a certain percentage of any recovery—and certainly not the entire amount.

Respectfully,

/s/ *Jillian A. Lazar*

Jillian A. Lazar (Registration No. 4413068)
Shelley Kinsella (DE Bar No. 4023) *Pro Hac Vice Motions Forthcoming*
Oliver Cleary (DE Bar No. 5830) *Pro Hac Vice Motions Forthcoming*
Deputy Attorneys General
820 North French Street, 5th Floor

Wilmington, DE 19801
Jillian.Lazar@delaware.gov
Shelley.Kinsella@delaware.gov
Oliver.Cleary@delaware.gov

Counsel for Plaintiff State of Delaware