June 4, 2025

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> The claims raised under the Federal False Claims Act in the First Amended Complaint at Dkt. 32 are **DISMISSED** as moot in light of the settlement. By **June 20, 2025**, any State Plaintiff wishing to record its objection to the settlement shall file a letter to that effect. By **June 20, 2025**, any State Plaintiff that objects to the Court's declining to exercise supplemental jurisdiction over the state law claims and dismissing them without prejudice to refiling in state court should also file a letter stating its reasons for objection. The conference scheduled for June 10, 2025, at 3:30 P.M. is **CANCELLED**.
>
> Dated: June 6, 2025
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *United States of America et al. ex rel. John Kurzman v. Microsoft Corp. et al.*,
         Case No. 1:19-cv-04270-LGS

Dear Judge Schofield:

Relator and the Microsoft Defendants ("Microsoft") jointly submit this letter pursuant to the Court's May 8, 2025 Order (Dkt. 94). In short, we believe the parties have identified a procedure to which no party objects, and which, if accepted by the Court, would allow the settlement to move forward and resolve the matter before the Court in its entirety. As the Court is aware, once the federal claims are dismissed, there is no basis for original jurisdiction to remain. The Court has discretion to decline to exercise supplemental jurisdiction over the non-intervened state and municipal claims under 28 U.S.C. § 1367(c)(3). Since the Court may dismiss the federal claims (the claims of original jurisdiction), 28 U.S.C. § 1367(c)(3) authorizes it to decline supplemental jurisdiction over the remaining state and municipal claims: *"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— ... (3) the district court has dismissed all claims over which it has original jurisdiction."*

Certain states and municipalities have expressed that while they object in principle to the substance of the settlement, they do **not** object to the Court resolving the case via this procedural route, i.e., declining to exercise supplemental jurisdiction and dismissing their claims *without* prejudice. This path respects their objections without requiring the Court to reach or resolve them, thereby enabling final closure of the case.

By way of a brief recap of background, Relator filed his original complaint in 2019. Following an investigation (and after Relator's voluntary dismissal of certain claims), on October 28, 2022, the United States declined to intervene, and on November 7, 2022, the states and municipal subdivisions named as plaintiffs in the Complaint either declined to intervene or were deemed to have declined to intervene. (Dkt. 15, Dkt. 21). After an extended search, Relator found new counsel and filed his First Amended Complaint ("FAC") on November 14, 2023. (Dkt. 32). On March 8, 2024, Microsoft moved to dismiss the FAC (Dkt. 59), which was denied as moot and without prejudice on December 30, 2024, due to the agreement in principle (Dkt. 84).

In December 2024, Relator and Microsoft reached a confidential settlement agreement in principle that would resolve all open issues between them. The agreement is contingent on Relator dismissing the FAC with prejudice as to his claims, the dismissal without prejudice of the claims (all non-intervened) of the United States, plaintiff states and plaintiff municipalities, and the

Page 2
June 4, 2025

closure of the matter before the Court. The United States and certain of the states do not object to the settlement or to the dismissal of their claims without prejudice.

We understand that certain other plaintiff states and municipalities wish to make a clear record that they object to the settlement and to make a record of the reasons for their objections, and will be filing a letter to that effect. However, we further understand that those same states and municipalities are open to an alternative. They would not object to the Court declining to exercise supplemental jurisdiction over their claims and dismissing their claims without prejudice solely on that basis. This alternative of declining to exercise supplemental jurisdiction would allow this matter to be resolved in its entirety. It would fulfill a necessary condition of the settlement that this litigation end. And it would permit the states to make a record of their objections to the settlement, but without the necessity of the Court reaching those objections or ruling on them, which may implicate issues of a number of different states' laws.

As the Court knows, with the dismissal of the federal claims, there is no more federal jurisdiction. The Court then has the discretion to bring the matter to a close by declining to exercise supplemental jurisdiction over remaining pending state or municipality claims. *See, e.g.*, *United States ex rel. Vierczhalek v. MedImmune, Inc.*, 345 F. Supp. 3d 456, 466 (S.D.N.Y. 2018) (dismissing federal FCA claim, declining to exercise supplemental jurisdiction over state law claims, and dismissing state law claims without prejudice), *aff'd sub nom. Vierczhalek v. MedImmune Inc.*, 803 F. App'x 522 (2d Cir. 2020); *United States ex rel. JDJ & Assocs. LLP v. Natixis*, 2017 WL 4357797, at *11 (S.D.N.Y. Sept. 29, 2017) (dismissing federal FCA claims and then declining to exercise supplemental jurisdiction over claims asserted under state and local false claims statutes).

If Relator and Microsoft are correct in their understanding that the parties do not object to this process, and the Court were to accept it and decline to exercise supplemental jurisdiction over the state claims, this would resolve the matter before the Court in its entirety. It would allow the settlement to move forward while preserving the objections of certain states and municipalities, close the case, and finally bring this six-year old litigation to an end.

\*\*\*

Page 3
June 4, 2025

For the foregoing reasons, Relator and Microsoft jointly and respectfully request that the Court allow the settlement to proceed by: (1) dismissing Relator's claims with prejudice; (2) dismissing the United States' claims *without* prejudice; (3) allowing the states to make a record of their objections to the settlement while not resolving those objections; (4) declining to exercise supplemental jurisdiction over the states' and municipalities' claims; (5) dismissing the state and municipal claims *without* prejudice on that basis; and (6) closing this matter.

Respectfully submitted,

| **BROWN, LLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| /s/ Patrick S. Almonrode | |
| Patrick S. Almonrode | Eric W. Sitarchuk (PA ID No. 39082) |
| Jason T. Brown | (admitted *pro hac vice*) |
| 111 Town Square Place, Suite 400 | Jaclyn Unis Whittaker (PA ID No. 316282) |
| Jersey City, NJ 07310 | (admitted *pro hac vice*) |
| Telephone: (877) 561-0000 | 2222 Market Street |
| Fax: (855) 582-5297 | Philadelphia, PA 19103 |
| patalmonrode@jtblawgroup.com | Telephone: (215) 963-5000 |
| jtb@jtblawgroup.com | Fax: (215) 963-5001 |
| | eric.sitarchuk@morganlewis.com |
| | jaclyn.whittaker@morganlewis.com |
| *Attorneys for Relator John Kurzman* | |
| *(filed with permission)* | *Attorneys for Defendants Microsoft Corporation and Microsoft Licensing, G.P.* |