

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

FRAUD DIVISION (302)577-8600
FAX (302) 577-2610

> No objection has been filed to the Order at Dkt. 120, which dismissed the claims arising under the Federal False Claims Act, declined to exercise supplemental jurisdiction over the state law claims and dismissed the state law claims without prejudice to refiling in state court. The Clerk of Court is respectfully directed to close the case.
>
> Dated: June 23, 2025
> New York, New York
>
> _[signature]_
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

*via ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

June 6, 2025

       RE: <u>*U.S. ex rel. Kurzman v. Microsoft, et al.*, 1:19cv4270-LGS (SDNY)</u>

Your Honor,

      The State of Delaware ("Delaware"), joined by the States of California, Illinois, Indiana, Massachusetts, Minnesota, Nevada, New Mexico,[1] North Carolina, and the District of Columbia (collectively, the "States"), having been unable to reach a resolution with John Kurzman (the "Relator") regarding the Relator's proposed settlement with Microsoft Corporation and Microsoft Licensing, G.P. (the "Defendants") and dismissal of the above-referenced case (the "Case"), submits this letter for the Court's consideration of the matter. As discussed below, the Relator's proposed settlement fails to meet the minimum requirements of the States' false claims acts ("FCAs"). Accordingly, the States respectfully request that the Court order the Relator to show why this settlement does not contravene the relevant FCAs and, if the Relator cannot make such a showing, require the Relator to apportion settlement proceeds in a manner consistent with the FCAs.

      **I.**      <u>**Background**</u>

      The Relator's First Amended Complaint alleges that the Defendants defrauded various government entities and are liable for violating the federal FCA as well as the FCAs of 22 states and local governments. (ECF No. 32.) The First Amended Complaint does not assert any causes of action besides those arising under federal, state and local FCAs. On December 13, 2024, the Relator informed the Court that he and the Defendants had reached "an agreement in principle to resolve Relator's claims in this matter, and are in the process of preparing a written agreement."

---

[1] New Mexico did not formally decline intervention but nevertheless joins in the concerns expressed herein.

(ECF No. 83.) The Relator further stated that the United States would approve the agreement as proposed but made no mention of whether the states and municipalities, who are also real parties in interest, were consulted or whether they approved the proposed settlement. The States only learned about the proposed settlement and the Relator's letter to the Court by coincidence, when one of the state attorney general's offices happened to check the docket in January 2025. Upon learning of the proposed settlement, the States promptly reached out to the Relator's counsel for information. At the States' request, the Relator filed a letter informing the Court that he failed to notify the States and political subdivisions of the proposed settlement and requested more time to notify these government entities and allow them to consider their options. (ECF No. 85.) The letter also corrected the Relator's prior assertion that the United States had approved the proposed settlement, and implication that the Relator and the Defendants were the only parties in this case. *Id*.

On March 28, 2025, the States (through Delaware's Attorney General) filed a letter with the Court stating that the States do not consent to the proposed settlement absent a satisfactory explanation to the Court by the Relator's counsel as to why the proposed settlement "is not an impermissible usurpation of the qui tam provisions of the federal and states false claims acts for solely private benefit." (ECF No. 87.) The States also warned that the proposed settlement "produces no benefit to their citizens and thus, is contrary to the language and purpose of their respective False Claims Acts" and that the settlement "proposes a recovery to Relator that is far in excess of the amount allowed under the same false claims act providing that a relator receives only a certain percentage of any recovery – and certainly not the entire amount." *Id*.

In response to the States' letter, on March 31, 2025, the Court ordered the parties to file a joint letter proposing next steps after the parties had met and conferred, and absent an agreement, provide their respective positions by April 8, 2025. (ECF No. 88.)  On April 8, 2025, following a meet and confer conducted on April 4, 2025, the Relator and the States filed a joint letter requesting an additional 30 days to try and resolve their dispute. (ECF No. 89.) The Court granted the request and instructed that in the event the parties were unable to reach a resolution, the parties shall submit a letter presenting their individual positions for resolution of the matter. (ECF No. 90.) On April 23, 2025, the States and the Relator discussed by phone the Relator's resolution proposals, none of which address the terms of the proposed settlement agreement or the States' concerns with it that were raised in the States' March 28, 2025 letter to the Court.

On May 7, 2025, the parties requested an additional 30-day extension. (ECF No. 93.)  On May 8, 2025, the Court scheduled a conference to be held on June 10, 2025 and set June 6, 2025 as the deadline for the Relator to file a status letter with the Court. (ECF No. 94.)  The Court further ordered the Relator and the Defendants to file a joint letter proposing appropriate next steps if the parties had not reached a resolution. *Id*.  During this period, the States have had multiple discussions with counsel for the Relator, the Defendants, and the Office of the United States Attorneys; the parties have not reached an agreement regarding the proposed settlement and dismissal of the Case.

As described below, the States consider the proposed settlement to be an improper private resolution of a false claims *qui tam* action that violates certain State FCAs and should not be approved as contemplated.

## II.     The Court's Role in Reviewing False Claim Act Settlements

Federal, state, and local FCAs require courts to play an important role in settling *qui tam* actions involving FCA causes of action. *See* 31 U.S.C. § 3730(d)(2) (in *qui tam* actions, "the person bringing the action or settling the claim shall receive an amount which *the court* decides is reasonable") (emphasis added); Cal. Gov't Code § 12652(g)(3) (same); *see also U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 724 (9th Cir. 1994) ("the district court plays an important role in allocating the proceeds of a settlement by determining the amount to be received by the *qui tam* plaintiff."). When presented with an agreement to settle a *qui tam* FCA action, a court "must consider whether the Government consents to the Settlement Agreement and the allocation of proceeds to Relator [] is within the statutory ranges and reasonable." *See United States ex rel. Gelman v. Donovan*, No. 12-CV-5142, 2020 WL 5622710 at *3 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted,* 2020 WL 5753412 (E.D.N.Y. Sept. 23, 2020). In addition, "courts have the power to modify FCA settlements that stray from the statutory requirements 'to ensure that the government receives its proper share.'" *United States ex rel. Sharma v. Univ. of S. California*, 217 F.3d 1141, 1144 (9th Cir. 2000) (quoting *United States v. Texas Instruments Corp.*, 104 F.3d 276, 277 (9th Cir. 1997).

## III.    Argument

### (a)     The Proposed Settlement Violates Clear Statutory Language Limiting *qui tam* Plaintiffs' Share of Settlement Proceeds

Although the First Amended Complaint in this Case only asserts causes of actions arising from federal, state, and local FCAs, the proposed settlement allocates all settlement proceeds to the Relator and his counsel while giving nothing to the government real parties in interest. These terms violate clear statutory provisions capping the Relator's share of FCA settlement recoveries. Multiple State FCAs limit recovery by a relator to no more than between 15 to 30% of the settlement proceeds; the remaining amounts are required to be distributed to the states or localities.[2]   Moreover, when the government declines to intervene in a case brought under California, Delaware, and Illinois FCAs, a *qui tam* plaintiff (or relator) may receive only a portion of case proceeds "which the court decides is reasonable for collecting the civil penalty and damages" on behalf of the government.[3] Despite these statutory limitations concerning allowable

---

[2] Pursuant to Section 1205(b) of the Delaware FCA, the Relator is entitled to receive no more than 30% of the settlement proceeds; the remaining amount is to be distributed to the state. Similarly, under the District of Columbia, Illinois, Indiana, Massachusetts, Minnesota, Nevada, New Mexico, and North Carolina FCAs, a relator in a declined case is entitled to no more than 30% of the proceeds of a settlement. *See* D.C. Code § 2-381.03(f)(2)(A); 740 ILCS 175/4(d)(2); Ind. Code § 5-11-5.5-6(a)(3); M.G.L. c. 12, § 5F(4); Minn. Stat. 15C.13; Nevada Revised Statutes 357.210(2); and NC: N.C.G.S. § 1-610(e).

[3] Cal. Gov't Code § 12652(g)(3); 6 *Del. C.* § 1205(b); and 740 ILCS 175/4(d)(2).

recovery amounts, the Relator and his counsel seek Court approval to receive the entire settlement amount.[4]

### (b) The Proposed Settlement Contravenes the Language and Purpose of the Relevant FCAs

The proposed settlement, which purports to settle FCA causes of action brought on behalf of the States, provides no benefit to the States and their citizens and thus, is contrary to the language and purpose of their respective FCAs. Any assertion that the proposed settlement actually resolves a non-FCA claim is not supported by a review of the First Amended Complaint, the pending Motion to Dismiss, the docket, and the fact that even the Relator's retaliation claim was dismissed with prejudice long ago on October 27, 2022. (ECF No. 13.)

Notably, Delaware's FCA requires that "[i]n determining the amount of reasonable attorneys' fees and costs, the court shall consider, without limitation, whether such fees and costs were necessary to the prosecution of the action…."[5] Yet, if the proposed settlement addresses only non-FCA claims then any allocation for attorney fees should reflect that the Case no longer involves any non-FCA causes of action.

In light of this troubling situation, the States respectfully request that the Court order the Relator to show why this proposed settlement does not contravene the States' FCAs and, if the Relator cannot make such a showing, to require the Relator to apportion settlement proceeds as prescribed by the applicable FCAs. The States request at a minimum that a hearing be held regarding the fairness of the settlement. A fairness hearing is contemplated under certain State FCAs.[6]

---

[4] The States also note that in correspondence to the Court on December 13, 2024, the Relator represented to the Court that "the parties ha[d] reached an agreement in principle to resolve Relator's claims in this matter." (ECF No. 83.) This is demonstrably false. The signatories to this letter are parties who were not consulted and reached no agreement to resolve the "Relator's" claims, which was a transparent attempt to circumvent the statutory requirements of the real parties in interest.

[5] 6 *Del. C.* § 1205(b).

[6] For example, Delaware Code Section 1204(b) provides that "[t]he Department of Justice may dismiss the action notwithstanding the objections of the party initiating the action if the party has been notified by the Department of Justice of the filing of the motion and the court has provided the party with an opportunity for a hearing on the motion" and Section 1204(c) provides that "[t]he Department of Justice may settle the action with the defendant notwithstanding the objections of the party initiating the action if the court determines after a hearing that the proposed settlement is fair, adequate and reasonable under all the circumstances. Upon a showing of good cause, such hearing may be held in camera." 6 *Del. C.* § 1204 (b) and (c). *See also* 740 ILCS 175/4(c)(2)(A)-(B); Ind. Code § 5-11-5.5-5(c); M.G.L. c. 12, § 5D(2)-(3); Minn. Stat. 15C.08(e); Nevada Revised Statutes 357.120(3); and NMSA 1978, Section 44-9-7(A).

### (c) Relator Did Not Obtain Statutorily Required Consent to Dismiss the Case

Like the federal FCA (*see* 31 U.S.C. § 3730(b)(1)), the States' FCAs provide that a *qui tam* action can only be dismissed with the written consent of the court and the relevant government entity.[7] Certain State FCAs also require the written consent of the court and the reasons for consenting.[8] The Nevada FCA specifies that **"[t]he court and the Attorney General shall take into account the public purposes of this chapter** and the best interests of the parties in dismissing the action or consenting to the dismissal, as applicable, and **provide the reasons** for dismissing the action or consenting to the dismissal, as applicable."[9]

Additionally, the *Plaintiff States' and Political Subdivisions' Notice of Election to Decline Intervention* (the "Notice of Declination"), filed November 7, 2022, stated that any dismissal of the action required the written consent of the declining named Plaintiff States and political subdivisions. (ECF No. 21.) Importantly, the Notice of Declination also noted that the declining named Plaintiff States and political subdivisions remained real parties in interest even after declination and reserved the right to intervene for good cause at a later date. *Id.* Moreover, the requirement to obtain the written consent of the State in order to voluntarily dismiss is not negated if the State declined to intervene in the action.

---

[7] Section 1203(b) of the Delaware False Claims and Reporting Act provides as follows:

> (b) *Private actions*. – (1) A private civil action may be brought by any person or labor organization as defined by § 1107A(d) of Title 19 (hereinafter "private party" or "party") for a violation of this chapter on behalf of the party bringing suit and for the government. The action shall be brought in the name of the government**. The action may be dismissed only if the court and the Department of Justice give written consent of the dismissal and their reasons for consenting**.

6 *Del. C.* § 1203(b) (emphasis added). Minn. Stat. 15C.05(a) echoes this requirement, providing that such suits "may be voluntarily dismissed only if the court and the prosecuting attorney give written consent to the dismissal and their reasons for consenting." Minn. Stat. 15C.01, subdivision 7 defines "prosecuting attorney" as the "attorney general, if the false or fraudulent claim involves money, property, or services provided by the state." *See also* D.C. Code § 2-381.03(b)(1); 740 ILCS 175/4(b)(1); M.G.L. c. 12, § 5C(2); and N.C.G.S. § 1-608(b). Indiana's False Claims Act provides that an action may only be dismissed if "the attorney general or the inspector general, if applicable, files a written motion to dismiss explaining why dismissal is appropriate" and the Court issues an order "explaining the Court's reasons for granting the motion." Ind. Code § 5-11-5.5-4(b)(1).

[8] Section 4(b)(1) of the Illinois False Claims Act provides that a suit brought by a private person under the act "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 740 ILCS 175/4(b)(1). *See also* D.C. Code § 2-381.03(b)(1) and Nevada Revised Statute 357.080(1).

[9] Nevada Revised Statute 357.080(1) (emphasis added). *See also* Cal. Gov't Code § 12652 (c)(1).

The States anticipate the Relator will argue the States' consent is not required, relying on *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16 (2d Cir. 2016) ("*Ladas*"). But *Ladas* is inapposite. In *Ladas*, the court considered whether a relator released his right to bring a *qui tam* suit when he signed a separation agreement three months before filing an FCA action. *Ladas*, 824 F.3d 16, 19-22. While holding that the release was unenforceable on public policy grounds, the *Ladas* Court acknowledged "the right to bring a *qui tam* suit can be released when the government has knowledge of the relator's fraud allegations." *Id.* at 25. But *Ladas* only addressed releases executed *before* a *qui tam* FCA action is filed. *After* a relator files a FCA complaint, the statutory provisions discussed above govern and the relator cannot dismiss their FCA claims without the government's consent. *See U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 474 (5th Cir. 2009) (holding that a post-filing release of FCA claims contravened the plain language of the FCA and was unenforceable).

Furthermore, the Relator cannot circumvent the FCAs' requirements by asserting that he only seeks to dismiss his own claims and not those of the States. The FCAs do not distinguish between settlement of *qui tam* claims for the relator and those for the government because by definition *qui tam* claims are brought on behalf of the government. The States and the Relator's interests in the *qui tam* claims are thus inextricable. This relationship "renders a relator's unilateral attempt to settle akin to impermissibly bargaining away the rights of a third party." *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 (6th Cir. 2000). Accordingly, as the Relator's proposed settlement contravenes clear statutory language and the public purposes behind the FCAs, it should not be approved as contemplated.

## IV. Conclusion

Based on the forgoing concerns, the States respectfully request that the Court order the Relator to show why the proposed settlement is not an impermissible usurpation of the *qui tam* provisions of federal, state, and local FCAs for solely private benefit. Furthermore, if the Relator does not make such a showing, the States respectfully request that the Court require the Relator to allocate the proceeds in a manner compliant with the limitations and caps imposed by the States' FCAs.

Finally, the States acknowledge that their requested course of action may be mooted if the Court dismisses the federal FCA claims and declines to exercise supplemental jurisdiction over the State FCA claims. In the event the Court is inclined to approve the proposed settlement but does not order the allocation of the settlement proceeds pursuant to the State FCAs, the States respectfully request that the Court decline to exercise supplemental jurisdiction over the State FCA claims rather than proceed with dismissal of these causes of action.

Respectfully,

*For the State of California:*

*/s/ Kenny V. Nguyen*
Kenny V. Nguyen (*admitted pro hac vice*)

Maria Ellinikos
Robert K. Carpenter
Deputy Attorney Generals
1300 I Street, Suite 950
Sacramento, California 95814
(916) 210-7281
Kenny.Nguyen@doj.ca.gov
Maria.Ellinikos@doj.ca.gov
Robert.Carpenter@doj.ca.gov

*For the State of Delaware:*

*/s/ Shelley A. Kinsella*
Shelley A. Kinsella (*admitted pro hac vice*)
Oliver Cleary (*admitted pro hac vice*)
Deputy Attorneys General
820 North French Street, 5th Floor
Wilmington, DE 19801
Tel: (302) 577-8600
shelley.kinsella@delaware.gov
oliver.cleary@delaware.gov


*For the District of Columbia:*

BRIAN SCHWALB
Attorney General
District of Columbia

*/s/ Norman Anderson*
Norman Anderson, D.D.C. Bar #1029679
Bryce S. Kelety, D.D.C. Bar #90030863
Assistant Attorneys General
Public Advocacy Division
Office of the Attorney General
400 6th Street N.W.
Washington, D.C. 20001
Phone: (202) 707-0559
Email: norman.anderson@dc.gov


*For the State of Illinois:*

KWAME RAOUL
Attorney General
State of Illinois

By: */s/ Gretchen Helfrich*
Gretchen Helfrich
Deputy Chief, Special Litigation Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Tel. (312) 814-3000
Gretchen.helfrich@ilag.gov

*For the State of Indiana:*

TODD ROKITA
Attorney General
State of Indiana

By: */s/ Meredith McCutcheon*
Meredith McCutcheon
Attorney No. 32391-49
Deputy Attorney General
Office of the Indiana Attorney General
Todd Rokita
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:  (317) 233-9357
Fax:  (317) 232-7979
Email:  Meredith.McCutcheon@atg.in.gov


*For the Commonwealth of Massachusetts:*

ANDREA JOY CAMPBELL
Attorney General
Commonwealth of Massachusetts

By: */s/ Bernardo G. Cuadra*
Bernardo G. Cuadra (BBO # 679762)
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Tel: (617) 963-2356
bernardo.cuadra@mass.gov

*For the State of Minnesota:*

KEITH ELLISON
Attorney General
State of Minnesota

*/s/ Emily Scholtes Dykstra*
Emily Scholtes Dykstra (*pro hac vice admission pending*)
Assistant Attorney General
Atty. Reg. No. 0398939
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Telephone: (651) 300-7918
emily.scholtesdykstra@ag.state.mn.us


*For the State of Nevada:*

AARON D. FORD
Attorney General

By: *Gregory D. Ott*
GREGORY D. OTT (Bar No. 10950)
Chief Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701
(775) 684-1229
(775) 684-1156
gott@ag.nv.gov


*For the State of New Mexico:*

RAUL TORREZ, New Mexico Attorney General

*By: /s/ Aaron Rodriguez*
Aaron Rodriguez (*pro hac vice admission pending*)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
(505) 252-0681
arodriguez@nmdoj.gov

*For the State of North Carolina:*

*/s/ Kimberley D'Arruda*
Kimberley D'Arruda (*admitted pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 W. Edenton Street
Raleigh, NC 27603
Tel: (919) 716-6013
kdarruda@ncdoj.gov